# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MACHNE MENACHEM, INC.,

    Debtor

CASE NO. 3:CV-10-0765

(JUDGE CAPUTO)

**MEMORANDUM**

This is an appeal from two orders of the Bankruptcy Court, viz, 1) Order of March 4, 2010 (D.I.838) and 2) Order of March 31, 2009 (D.I.825). These orders essentially denied Appellant's claims that he was entitled to the repayment of $286,000 as loans made by Appellant to the Debtor, a New York Not-for-Profit Corporation.[1]

## I. BASIS OF APPELLATE JURISDICTION

28 U.S.C. § 158(a) provides that the District Courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of Title 28 of the United States Code. 28 U.S.C. § 158(a)(1). The order complained of by Appellant constitutes a final order, that being the order dated March 4, 2010. Consequently, this Court has jurisdiction over the instant matter. *See also, In re: Kovalchick*, 2006 WL 2707428 at *1 (M.D. Pa. 2006).

---

[1] The Bankruptcy Court allowed $76,000 in loans which were made prior to a March 17, 1997 Resolution of the Corporation which provided that no further activities of the [Debtor] are to be undertaken by [Appellant]. *See In re Machne Menachem*, 2010 WL 831003 at *4.

## II. ISSUES PRESENTED AND THE APPLICABLE STANDARD OF APPELLATE REVIEW

Findings of fact made by the Bankruptcy Court may be reversed only for clear error. *Neal v. Eckersley*, 2009 WL 3241789 at *1 (M.D.Pa. 2009), *citing In Re: Nelson Co.*, 959 F.2d 1260, 1263 (3d Cir. 1992) (citations omitted). However, legal questions and conclusions are subject to plenary, de novo review. *Id.*, *also citing In Re: O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

A properly filed proof of claim is deemed allowed unless a party in interest objects. *In Re: Graboyes*, 371 B. R. 113, 119 (E.D. Pa. 2007), *citing* 11 U.S.C. § 501. If an objection is filed to a proof of claim, the burden of proof may shift. *In Re: Graboyes*, 371 B.R. at 119, *citing United States v. Baskin and Sears, P.C.*, 207 B. R. 84, 86 (E.D. Pa. 1997). The Court of Appeals has concisely summarized the shifting burden as follows:

> "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence which, if believed, would refute one of the allegations that is essential to the claimant's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the Proof of Claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."

*In Re: Graboyes*, 371 B. R. at 119 (E.D. Pa. 2007), *citing, In Re: Allegheny Int'l, Inc.*, 954 F.2d 167, 173-4 (3d Cir. 1992) (citations omitted), *In Re: Gimelson*, 2004 WL 2713059 at *13 (E.D. Pa. 2004), *In Re: Galloway*, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998).

2

Appellant contends that as a result of a permanent injunction which enjoined directors Goldman, Heber and Hershkop from "interfering, in any way, with the administration of the affairs of the . . . camp . . .", Appellant had control of the camp (Debtor). The injunction was issued by Judge I. Leo Glasser of the United States District Court for the Eastern District of New York, and it was effective from July 1, 1997 through October 1, 2002. Appellant reasons that since Goldman, Heber and Hershkop were not to interfere in the administration of the camp, Appellant had sole control of it during this period. Moreover, Appellant argues that money advanced as loans to the Debtor during this period should be repaid as loans. On October 21, 2002, Judge Glasser restored Goldman, Heber and Hershkop as directors of Debtor.

Regarding the Bankruptcy Court's conclusion that the funds advanced by Appellant were donations, and not loans, Judge Thomas likened Appellant's advances to the decision in *Cohen v. K B Mezzanine Fund II (In Re: SubMicron Systems Corp.),* 432 F.3d 448 (3d Cir. 2006). In addressing the issue of the characterization of the infusion of funds into a corporation, the Third Circuit Court of Appeals noted:

> While some cases are easy (e.g., a document titled a "Note" calling for payments of sums certain at fixed intervals with market-rate interest and these obligations are secured and are partly performed, versus a document issued as a certificate indicating a proportional interest in the enterprise to which the certificate relates), others are hard (such as a "Note" with conventional repayment terms yet reflecting an amount proportional to prior equity interests and whose payment terms are ignored). . . . Form is no doubt a factor, but in the end it is no more than an indicator of what the parties actually intended and acted on."

3

*Id.* at 456.

Here, there were no loan documents either contemporaneous with the advancements or otherwise; there were no corporate resolutions regarding the advances; and, there were no terms, viz, duration, interest rate or payment schedule. Moreover, although the Court of Appeals found no clear error in the district court's finding that the transactions there were loans, it duly noted some of the factual circumstances that supported such a finding. There, the subject individuals were lenders who the district court found were making further loans to protect their earlier ones. *Id.* Further, the finding of the district court that the lenders, while on the board of directors, did not dominate or control it, did not support an equity characterization. *Id.* at 458. In addition, the district court found that the failure of the accounting department to issue notes in some cases but not all (including the advances in question) was not sufficient to classify the advances as equity. *Id.*

In the case at hand, the Appellant controlled the operations of the camp, and he could well have evidenced the advances with notes, were it his clear intention to lend the funds as opposed to contribute or donate them. Of course, as is noted below, none of the actions taken by Appellant were in conformity with New York law, and therefore, to suggest corporate action supporting the advances as loans is simply not feasible.

Addressing Appellant's argument that since SubMicron Systems involved a for-profit corporation and that any analysis concerning the debt versus equity issue is misplaced in the case of a not-for-profit corporation, I disagree. The issue of whether it is a debt is the same. If it is not a debt, then I agree with Appellant, it is not equity. Given the not-for-profit nature of the camp, the conclusion is that it is a donation. This is the

4

conclusion reached by the Bankruptcy Court and I find that it is correct. I conclude the Bankruptcy Court was correct in finding the advances made subsequent to March 17, 1997 were not loans.

Appellant also contends the Debtor ratified the advances as loans. Judge Thomas relied upon §715 of the New York Not-for-Profit Corporation Law which provides:

> (a) No contract or other transaction between a coporation and one or more of its directors or officers, or between a corporation, firm, association or other entity in which one or more of its directors or officers are directors or officers, or have a substantial financial interest, shall be either void or voidable for this reason alone or by reason alone that such director or directors or officer or officers are present at the meeting of the board, or of a committee thereof, which authorizes such contract or transaction, or that his or their votes are counted for such purpose:
>
>> (1) If the material facts as to such director's or officer's interest in such contract or transaction and as to any such common directorship, officership or financial interest are disclosed in good faith or known to the board or committee, and the board or committee authorizes such contract or transaction by a vote sufficient for such purpose without counting the vote or votes of such interested director or officer; or
>>
>> (2) If the material facts as to such director's or officer's interest in such contract or transaction and as to any such common directorship, officership or financial interest are disclosed in good faith or known to be the members entitled to vote thereon, if any, and such contract or transaction is authorized by vote of such members.
>
> (b) If such good faith disclosure of the material facts as to the director's or officer's interest in the contract or transaction and as to any such common directorship, officership or financial interest, is made to the directors or members, or known to the board or committee or members authorizing such contract or

> transaction, as provided in paragraph (a), the contract or transaction may not be avoided by the corporation for the reasons set forth in paragraph (a). If there was no such disclosure or knowledge, or if the vote of such interested director or officer was necessary for the authorization of such contract or transaction at a meeting of the board or committee at which it was authorized, the corporation may avoid the contract or transaction unless the party or parties thereto shall establish affirmatively that the contract or transaction was fair and reasonable as to the corporation at the time it was authorized by the board, a committee or the members.
>
> (c) Common or interested directors may be counted in determining the presence of a quorum at a meeting of the board or of a committee which authorizes such contract or transaction.
>
> (d) The certificate of incorporation may contain additional restrictions on contracts or transactions between a corporation and its directors or officers or other persons and may provide that contracts or transactions in violation of such restrictions shall be void or voidable.
>
> (e) Unless otherwise provided in the certificate of incorporation or by the by-laws, the board shall have authority to fix the compensation of directors for services in any capacity.
>
> (f) The fixing of salaries of officers, if not done in or pursuant to the by-laws, shall require the affirmative vote of a majority of the entire board unless a higher proportion is set by the certificate of incorporation or by-laws.

§ 715 New York Not-for-Profit Corporation Law.

Thus, the advances as loans, according to the foregoing, were void or voidable, and given the requirement that a New York not-for-profit corporation requires at least three directors (N-PCL § 702(a)), Appellant, along with another, could not act for the Debtor during the injunction period, and there were no acts of ratification thereafter. Further, the injunction cannot be said to have authorized Appellant to act for the Debtor because such would be in direct conflict with the New York Not-for-Profit Corporation Law

§ 702(a). The advances can clearly be classified as insider transactions, and because of the deficient composition of the board of directors, § 715 could not be satisfied. In my view, it follows that the classification of Appellant's advances as loans would be void under New York law. Moreover, the self-dealing nature of the transactions in question are even more manifest because there were not three directors but rather, two, and indeed, according to the findings of the Bankruptcy Court, it was effectively one, the Appellant.

Further, I find no merit in the claims that Debtor is injustly enriched by not classifying the amounts in question as loans. First, this conclusion could be reached on the basis that the advances were made at Appellant's peril and were donations. Second, in New York, the elements of unjust enrichment are as follows: (1) performance of services in good faith; (2) acceptance of services by the person for whom they were rendered; (3) the expectation of compensation; and, (4) the reasonable value of services performed. *Kontonotas v. Hygrosol Pharmaceutical Corp.*, 2009 WL 1734223 (E.D. Pa. 2009) at *4, *citing Clark v. Torian*, 214 A.2d 938, 625 N.Y.S.2d 370 (N.Y. App.3d Dep't. 1995). Assuming the first two factors are met, the third is not. The record demonstrates that there was no expectation of repayment, much less a rate of interest or return on investment. The first factor can be said to fail as well. There was no prescribed corporate action taken in connection with the advances by Appellant to clarify them as loans. There were never these discussions as required by law. Thus, it cannot be said there was a performance of services in good faith. Therefore, Appellant's contention that there was unjust enrichment fails as well.

For the foregoing reasons, the Orders of the Bankruptcy Court of March 4, 2010 and March 31, 2009 will be affirmed.

An appropriate Order follows.


Date: February 18, 2011                    /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: MACHNE MENACHEM, INC., | |
| Debtor | CASE NO. 3:CV-10-0765 |
| | (JUDGE CAPUTO) |

### ORDER

**NOW**, this 18th day of February, 2011, **IT IS HEREBY ORDERED** that the orders of the Bankruptcy Court dated March 4, 2010 (D.1.838) and March 31, 2009 (D.1.825) are **AFFIRMED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge